## GRAY et al. v. STIDHAM'S ADMINISTRATORS.

Court of Common Pleas. New Castle. December, 1798.

*Bayard's Notebook, 226.*

458

Case was argued by *Read* for plaintiffs, and *Bayard* for defendants, December Term, 1798.

PER CURIAM. The importance, as well as the difficulty, of the question submitted to us in this case has occasioned our keeping it under advisement a long time. We are not at present without our doubts, but we shall deliver the best opinion we have been able to form. The Act is obscurely and inartificially penned; different clauses admit of opposite constructions. It is an Act which ought to be construed strictly. No case should be allowed to fall within it unless plainly within its purview. Judgments obtained in the lifetime of the party we do not consider within the Act. While the party lived they were liens on the land, and we cannot say that the lien is discharged by the party's death. It would produce much inconvenience to allow the priority as to the real fund and deny it as to the personal. It might occasion frequent suits in chancery as to marshalling the assets. But if a foreign judgment is not within the Act in part, it cannot be at all; because it was the intention to postpone them wholly, or not to affect them. It is therefore the opinion of the Court that foreign judgments stand upon the footing of domestic; and that both are to be paid according to their priority.